In the Matter of the Petition of WILLIAM H. FISCHER, Respondent, Appellant, to Render and Settle His Account as Executor, etc., of JOHN K. FISCHER, Deceased.

CATHERINE J. GASTMEYER and ELIZABETH M. FRAWLEY, Appellants, Respondents.

Second Department, June 21, 1918.

Decedent's estate — accounting — reservation of consideration of items until final accounting by consent of parties — executor cannot disaffirm attitude maintained for many years — practice — withdrawal of objections.

Where an executor, having a power of sale, collected the rents and profits of realty for many years with the consent of all parties and on a prior accounting stated that certain charges were not deducted but were reserved until his final settlement and distribution of rents with the approval of the surrogate, he cannot on his final accounting disaffirm his attitude and put the objectants to a new action for an accounting against him as a tenant in common.

Whether an objection to an executor's accounts can be withdrawn is a matter within the discretion of the surrogate.

BLACKMAR, J., and JENKS, P. J., dissented.

CROSS-APPEALS by Catherine J. Gastmeyer and another, and by William H. Fischer, as executor, from parts of a decree of the Surrogate's Court of the county of Kings, entered in the office of said Surrogate's Court on the 3d day of December, 1917.

*Michel Kirtland,* for the objectants.

*Joseph A. Burdeau,* for the petitioner.

PUTNAM, J.:

Although the power of sale may not work any equitable conversion, the accountant, as executor, managed the property and collected the rents and profits and paid interest on mortgages during the interval of about fourteen years. This was not only within the consent of all parties, but in his prior accounting of 1904 he named certain charges, stating that they were not then deducted, but were reserved " until final settlement and distribution of rents," which account with

such recital was approved by the Surrogate's Court by its decree of January 23, 1905. Subsequently the petitioner has been removed, and his letters revoked.

The objectants had a right to rely on such attitude upon the prior accounting confirmed by a decree. After this delay, with the effect of the Statute of Limitations, they should not now be put off with the technical point that this executor at this late day can disaffirm his attitude maintained all these years, and require them to bring a new action for an accounting against him as tenant in common. (Schouler Exrs. [3d ed.], § 539; Jessup-Redf. Surr. 890.)

The decree is, therefore, modified so as to remit the cause to the surrogate to take account of the rents and profits of the real property left by testator and collected by said William H. Fischer as executor aforesaid, after the testator's death to the date of his removal as such executor. Whether Mrs. Frawley's withdrawal of her objections to her brother's account should stand or not was a matter within the surrogate 's discretion. We find no error in his denial of her motion for leave to retract such waiver, deliberately made in open court.

As thus modified, the decree of the Surrogate's Court of Kings county will be affirmed, without costs of this appeal.

KELLY and JAYCOX, JJ., concurred; BLACKMAR, J., dissented on the ground that Fischer was a tenant in common, had the right to collect the rents, and could be made to account in a court of equity; that he had no right to collect them in his representative capacity; with whom JENKS, P. J., concurred.

Decree of the Surrogate's Court of Kings county modified in accordance with opinion, and as so modified affirmed, without costs of this appeal. Order to be settled on notice.